**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

ANDREW J. PRINCE,

     Plaintiff,

                                     Civil Action 2:10-cv-00008
    v.                               Judge Algenon L. Marbley
                                     Magistrate Judge E.A. Preston Deavers

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

## OPINION AND ORDER

Plaintiff, Andrew J. Prince, brings this action under 42 U.S.C. §§ 405(g) and

1383(c)(3) for review of a final decision of the Commissioner of Social Security

("Commissioner") denying his application for Social Security Disability Insurance Benefits and

Supplemental Security Income. This matter is before the Court for consideration of Plaintiff's

January 25, 2011 Objections (ECF No. 17) to United States Magistrate Judge Elizabeth A.

Preston Deavers' January 11, 2011 Report and Recommendation (ECF No. 16), recommending

that the Court affirm the decision of the Commissioner denying benefits. For the reasons stated

below, the Court **OVERRULES** Plaintiff's Objections, **ADOPTS** the Magistrate Judge's Report

and Recommendation, and **AFFIRMS** the Commissioner's decision.

I.

Plaintiff Prince alleges that he became disabled on September 20, 1994, at age 9, due to

attention deficit/hyperactivity disorder ("ADHD"), anxiety, and oppositional defiant disorder

("ODD"). Plaintiff began seeing psychiatrist Dr. J. T. Spare in 2003, at which time Dr. Spare diagnosed him with ADD and ODD. Plaintiff continued to see Dr. Spare though 2007. Throughout this time, Plaintiff saw other physicians, including Drs. Brown and Konieczny. Additionally, state agency psychologists Drs. Stinson and Collins offered opinions concerning Plaintiff. The Magistrate Judge included an accurate and thorough summary of the relevant medical evidence, including a discussion of these doctors' observations and opinions. This Court adopts that summary by reference. (Report and Recommendation 3–8, ECF No. 16.)

Plaintiff filed his application for disability insurance benefits on March 18, 2004. After his application was denied initially and again upon reconsideration, Plaintiff sought a *de novo* hearing before an administrative law judge ("ALJ"). The ALJ held a hearing at which Plaintiff, represented by counsel, appeared and testified on January 8, 2008. A vocational expert ("VE") and Plaintiff's mother also appeared and testified. On February 28, 2008, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Act. On November 6, 2009, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (R. at 5–7.)

Plaintiff then timely commenced the instant action. In his Statement of Errors, Plaintiff advanced two primary arguments in support of his assertion that the decision of the Commissioner denying benefits should be reversed. First, Plaintiff asserted that the ALJ erroneously rejected one of Dr. Spare's opinions. Second, Plaintiff contended that the ALJ erred in relying on the VE's testimony.

The Magistrate Judge, in her Report and Recommendation, found that the ALJ properly declined to afford the April 2006 opinion of his treating physician, Dr. Spare, controlling weight.

2

She found that the ALJ had satisfied his obligation under controlling case law to provide good reasons for rejecting a treating physician's opinion, and that substantial evidence supported the ALJ's stated reasons.  The Magistrate Judge also found Plaintiff's assertion unavailing that reversal was warranted based upon the ALJ's failure to expressly consider two regulatory factors. Finally, the Magistrate Judge found that the ALJ improperly neglected to inquire about potential conflicts between the VE's testimony and the Dictionary of Occupational Titles ("DOT"), but determined that this deficiency constituted harmless error because Plaintiff had failed to demonstrate any conflict between the VE's testimony and the DOT.

Plaintiff filed his Objections to the Magistrate Judge's Report and Recommendation on January 25, 2011, challenging only the Magistrate Judge's Report and Recommendation "insofar as it recommended that the Court reject [Plaintiff's] position related to his first issue, i.e., whether the ALJ properly evaluated treating psychiatrist Dr. Spare's March 2006 opinions." (Pl.'s Objections 1, ECF No. 17.)

## II.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*,

3

486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the

Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be

conclusive"). Put another way, a decision supported by substantial evidence is not subject to

reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800

F.2d 535, 545 (6th Cir. 1986). "Substantial evidence exists when 'a reasonable mind could

accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone

of choice withing which the decision-makers can go either way, without interference by the

courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal; citation

omitted). Even if supported by substantial evidence, however, "'a decision of the Commissioner

will not be upheld where the [Commissioner] fails to follow its own regulations and where that

error prejudices a claimant on the merits or deprives the claimant of a substantial right.'"

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of*

*Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

### III.

The issue before this Court is whether the ALJ properly evaluated Dr. Spare's April 2006

opinion. The Magistrate Judge correctly set forth the principles governing an administrative law

judge's consideration of medical opinions, including the opinions of a treating source as follows:

> The ALJ must consider all medical opinions that he or she receives in
> evaluating a claimant's case. 20 C.F.R. § 416.927(d). The applicable regulations
> define medical opinions as "statements from physicians . . . that reflect judgments
> about the nature and severity of your impairment(s), including your symptoms,
> diagnosis and prognosis, what you can still do despite impairment(s), and your
> physical or mental restrictions." 20 C.F.R. § 416.927(a)(2).
>
> The ALJ generally gives deference to the opinions of a treating source
> "since these are likely to be the medical professionals most able to provide a

4

detailed, longitudinal picture of [a patient's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone . . . ." 20 C.F.R. § 416.927(d)(2); *Blakley*, 581 F.3d at 408. If the treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the claimant's] case record, [the ALJ] will give it controlling weight." 20 C.F.R. § 404.1527(d)(2).

Even if the ALJ does not afford controlling weight to a treating physician's opinion, the ALJ must still meet certain procedural requirements. *Wilson* [*v. Comm'r of Soc. Sec.*, 378 F.3d 541,544 (6th Cir. 2004)]. Specifically, if an ALJ does not give a treating source's opinion controlling weight:

> [A]n ALJ must apply certain factors—namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source—in determining what weight to give the opinion.

*Id.*

Furthermore, an ALJ must "always give good reasons in [the ALJ's] notice of determination or decision for the weight [the ALJ] give[s] your treating source's opinion." 20 C.F.R. § 416.927(d)(2). Accordingly, the ALJ's reasoning "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Friend v. Comm'r of Soc. Sec.*, No. 09-3889, 2010 WL 1725066, at *7 (6th Cir. 2010) (internal quotation omitted). The United States Court of Appeals for the Sixth Circuit has stressed the importance of the good-reason requirement:

> "The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases," particularly in situations where a claimant knows that his physician has deemed him disabled and therefore "might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied." *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir.1999). The requirement also ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule. *See Halloran v. Barnhart*, 362 F.3d 28, 32–33 (2d Cir. 2004).

*Wilson*, 378 F.3d at 544–45. Thus, the reason-giving requirement is "particularly

important when the treating physician has diagnosed the claimant as disabled."
*Germany-Johnson v. Comm'r of Soc. Sec.*, 312 F. A'ppx 771, 777 (6th Cir. 2008)
(citing *Rogers*, 486 F.3d at 242).

Finally, the Commissioner reserves the power to decide certain issues,
such as a claimant's residual functional capacity. 20 C.F.R. § 404.1527(e).
Although the ALJ will consider opinions of treating physicians "on the nature and
severity of your impairment(s)," opinions on issues reserved to the Commissioner
are generally not entitled to special significance. 20 C.F.R. § 404.1527(e); *Bass v.
McMahon*, 499 F.3d 506, 511 (6th Cir. 2007).

(Report and Recommendation 11–12, ECF No. 16.)

Plaintiff first asserts that the ALJ erroneously failed to evaluate the length of the

treatment relationship Plaintiff had with Dr. Spare, the frequency of Dr. Spare's examinations,

the nature and extent of their treatment relationship, and Dr. Spare's specialization. Plaintiff

contends that this deficiency renders the ALJ's decision "unreviewable in part." (Pl.'s

Objections 4, ECF No. 17.)

The Magistrate Judge addressed these arguments as follows:

[T]he undersigned finds Plaintiff's assertions that the Court should reverse
because the ALJ "erroneously failed to consider expressly the regulatory factor[s]
of specialization [and] . . . treating relationship" unavailing. (Pl.'s Reply 3, 4,
ECF No. 15.) As set forth above, Plaintiff is correct, that the ALJ must consider
these and other factors in determining what weight to accord Dr. Spare's opinion.
*See Wilson*, 378 F.3d at 544; 20 C.F.R. § 404.1527(d)(2). There is no
requirement, however, that the ALJ "expressly" consider each of the factors
within the written decision. *See Tilley v. Comm'r of Soc. Sec.*, No. 09-6081, 2010
WL 3521928, at *6 (6th Cir. Aug. 31, 2010) (indicating that, under *Blakely* and
the good reason rule, an ALJ is not required to explicitly address all of the six
factors within 20 C.F.R. § 404.1527(d)(2) for weighing medical opinion evidence
within the written decision). Regardless, in the instant case, contrary to Plaintiff's
assertions, the ALJ *did* expressly consider Dr. Spare's specialization and treating
relationship with Plaintiff. She specifically noted that Dr. Spare was Plaintiff's
treating psychiatrist and referenced the fact that Plaintiff began seeing him in late
2003, with continued treatment in subsequent years. (R. at 23–24.)

Finally, the ALJ's reasoning was "sufficiently specific to make clear to any
subsequent reviewers the weight the adjudicator gave to the treating source's

6

medical opinion." SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996).  After
identifying Plaintiff's RFC, the ALJ stated that "[t]his residual functional capacity
accepts and adopts the opinions of the State agency psychologists as well as the
opinion of Dr. Konieczny, the consulting psychologist . . . ." (R. at 26.)  The ALJ
found those opinions to be "well supported by the evidence of the record." (*Id.*)
In contrast, the ALJ found Dr. Spare's opinion to "conflict[] with the evidence of
record," declining to afford it controlling weight for that reason. (R. at 27.)  Thus,
it is clear that the ALJ rejected Dr. Spare's opinion to the extent it conflicts with
the evidence of the record and with the opinions of the state agency psychologists
and the consulting psychologists.  By way of example, Dr. Spare's opinion that
Plaintiff had moderate limitations in his social interactions is consistent with the
state agency psychologists' and the consulting psychologists' opinions on this
matter.  The ALJ therefore accepted this portion of Dr. Spare's April 2006
opinion, incorporating this limitation into Plaintiff's RFC. (R. at 25.)

(Report and Recommendation 15–16, ECF No. 16.)  The Court agrees with and adopts the

Magistrate Judge's analysis.  Plaintiff fails to cite any authority supporting his contention that

*Wilson* requires an ALJ to explicitly analyze each of these factors in a particular section of his or

her decision, detailing the exact weight afforded to each factor.

Plaintiff next asserts that "the ALJ erroneously evaluated the factors of supportability and

consistency when weighing Dr. Spare's [April] 2006 opinions . . . ." (Pl.'s Objections 5, ECF

No. 17.)  The Magistrate Judge discussed the ALJ's consideration of these factors, factors which

also served as a basis for the ALJ's refusal to afford Dr. Spare's opinion controlling weight, as

follows:

In the instant case, the parties do not dispute that Dr. Spare, Plaintiff's
psychiatrist, is a treating physician.  The ALJ considered each of Dr. Spare's
opinions, including the April 2006 opinion, but rejected his opinions to the extent
they conflicted with the opinions of the state agency psychologists and the
consulting psychologist, which she explicitly accepted and adopted.  The ALJ
explained that:

Controlling weight cannot be given this opinion as it conflicts with
the evidence of record, including Dr. Spare's own submitted
treatment notes.  The claimant was able to complete his school
work and consider college.  He was able to perform all of the tasks

7

at the psychological consultive examination and attend to the
hearing without difficulty. And Dr. Spare's notes show that the
claimant's symptoms are under good control with medication.

(R. at 27.) The ALJ also indicated that she had considered claimant's
symptomatology and evaluated the credibility of Plaintiff's statements based on
her consideration of the entire case record. (*Id.*)

The undersigned finds that the ALJ properly declined to accord Dr.
Spare's April 2006 opinion controlling weight because she found that it conflicted
with the record as a whole. *See Blakley*, 581 F.3d at 406 (quoting SSR 96-2p,
1996 WL 374188, at *2 (July 2, 1996)) ("'[I]t is an error to give an opinion
controlling weight simply because it is the opinion of a treating source if . . . it is
inconsistent the with other substantial evidence in the case record.'").

The undersigned also finds that the ALJ provided legally sufficient reasons
for rejecting those portions of Dr. Spare's opinion that conflicted with the state
agency and consulting psychologists, satisfying *Wilson's* good-reason
requirement. Specifically, the ALJ explained that Dr. Spare's April 2006 was not
supported by his own treatment notes. *See* 20 C.F.R. § 404.1527(d)(3)
(identifying "supportability" as a relevant consideration). The ALJ also noted the
inconsistency of Dr. Spare's assessed limitations with the record as a whole. *See*
20 C.F.R. § 404.1527(d)(3) (identifying "consistency" with the record as a whole
as a relevant consideration).

Substantial evidence supports both of the ALJ's stated reasons. First, Dr.
Spare's April 2006 opinion, in which Dr. Spare opined that Plaintiff had
"marked" limitations in most aspects of work functions, conflicts with his 2006
and 2007 treatment notes, which reflect that Plaintiff's symptoms were under
control with medication. For example, Dr. Spare's 2006 treatment notes reflect
his observations that Plaintiff was "doing adequately . . . [with] no indication of
severe problems," his "[s]ymptom control appeared to be adequate," and he
"[w]as doing okay." (R. at 189.) Dr. Spare's 2007 treatment notes similarly
describe Plaintiff as "doing adequately . . . [with] no indication of serious
problems" (R. at 195) and note Plaintiff's passing of his proficiency tests and
achieving an 85% average (R. at 196).

Second, substantial evidence supports the ALJ's assertion that Dr. Spare's
April 2006 opinion is inconsistent with the record as a whole. In addition to the
inconsistencies with his treatment notes, the ALJ notes that Dr. Spare's April
2006 opinion is inconsistent with the opinions of the state agency psychologists
and the consulting psychologist. Dr. Stinson found that Plaintiff's ability to read,
play video games, and complete household chores such as cooking and laundry,
combined with his ability to remember, understand, and communicate

8

satisfactorily, was inconsistent with a finding of a severe disability.  Similarly, Dr. Konieczny, upon examining and testing Plaintiff, concluded that he had an adequate ability to concentrate and attend to tasks, an adequate ability to understand and follow directions, and only mild impairments in his ability to withstand stress and relate to others.  The ALJ referenced other evidence undermining Dr. Spare's April 2006 opinion, including Plaintiff's uncontroverted ability to maintain focus when doing something he wanted to, such as building furniture; spending twelve hours daily on the computer to play strategy games and reading Japanese comics; or taking the computer apart and putting it back together.  Finally, the ALJ referenced Plaintiff's ability to engage in a wide range of activities and to go places where there are groups of people, such as his grandfather's funeral, his sister's wedding, and his own graduation party.  (R. at 28.)

(Report and Recommendation 12–15, ECF No. 16.)

The Court agrees with the Magistrate Judge's finding that the ALJ considered the factors of supportability and consistency.  Likewise, the Court concurs with the Magistrate Judge's finding that substantial evidence supports the ALJ's conclusions with regard to these factors.  Plaintiff references evidence that he suggests undermines the ALJ's conclusions with regard to these factors.  The standard is not, however, whether substantial evidence may support the opposite conclusion, but instead whether substantial evidence supports the ALJ's findings.  *See Blakley*, 581 F.3d at 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997))  ("[I]f substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'")  "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).  Here, the March 21, 2011Court agrees with the Magistrate Judge, that substantial evidence supports the ALJ's findings with respect to these

factors.  Accordingly, the Court **OVERRULES** Plaintiff's objections.

**IV.**

The Court, having reviewed the record *de novo*, determines that there is substantial evidence supporting the ALJ's determination that Plaintiff is not disabled, as defined in the Social Security Act.  Accordingly, the Court **OVERRULES** Plaintiff's Objections (ECF No. 17), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 16), **AFFIRMS** the Commissioner's decision, and **DISMISSES** this action.

The Clerk shall enter final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**DATED: March 22, 2011**